1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHELLE ANN HIDALGO,                    No.  2:15-cv-1342 DB

12              Plaintiff,

13        v.                                   ORDER

14   NANCY A. BERRYHILL, Acting
     Commissioner of Social Security,
15

16              Defendant.

17

18        This social security action was submitted to the court without oral argument for ruling on

19   plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[1]

20   Plaintiff argues that the Administrative Law Judge's treatment of the medical opinion evidence

21   constituted error.  For the reasons explained below, plaintiff's motion is granted, defendant's

22   cross-motion is denied, the decision of the Commissioner of Social Security ("Commissioner") is

23   reversed, and the matter is remanded for further proceedings consistent with this order.

24                          PROCEDURAL BACKGROUND

25        In March of 2012, plaintiff filed an application for Disability Insurance Benefits ("DIB")

26   under Title II of the Social Security Act ("the Act"), alleging disability beginning on March 19,

27   _____

28   [1]  Both parties have previously consented to Magistrate Judge jurisdiction over this action
     pursuant to 28 U.S.C. § 636(c).  (See ECF Nos. 8 & 10.)

                                              1

2012.  (Transcript ("Tr.") at 17, 197-98.)  Plaintiff's application was denied initially, (id. at 121-25), and upon reconsideration.  (Id. at 127-31.)  Plaintiff requested an administrative hearing and a hearing was held before an Administrative Law Judge ("ALJ") on September 18, 2013.  (Id. at 30-65.)  Plaintiff was represented by an attorney and testified at the administrative hearing.  (Id. at 30-31.)

In a decision issued on November 13, 2013, the ALJ found that plaintiff was not disabled. (Id. at 25.)   The ALJ entered the following findings:

> 1.  The claimant meets the insured status requirements of the Social Security Act through December 31, 2016.
>
> 2.  The claimant has not engaged in substantial gainful activity since March 19, 2012, the alleged onset date (20 CFR 404.1571 et seq.).
>
> 3.  The claimant has the following severe impairments: degenerative disc disease.  Hypothyroidism, peripheral neuropathy, Hodgkin's disease in remission, rheumatoid arthritis, obesity, depressive disorder, not otherwise specified, bipolar disorder with psychotic features, generalized anxiety disorder, social anxiety disorder, panic disorder with agoraphobia, and post-traumatic stress disorder (20 CFR 404.1520(c)).
>
> 4.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).
>
> 5.  After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she is limited to simple, routine and repetitive tasks.
>
> 6.  The claimant is capable of performing past relevant work as a Sales Attendant.  This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).
>
> 7.  The claimant has not been under a disability, as defined in the Social Security Act, from March 19, 2012, through the date of this decision (20 CFR 404.1520(f)).

(Id. at 19-25.)

On May 8, 2015, the Appeals Council denied plaintiff's request for review of the ALJ's November 13, 2013 decision.  (Id. at 1-3.)  Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on June 23, 2015.  (ECF No. 1.)

LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)).  If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm."  McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  The five-step process has been summarized as follows:

> Step one:  Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

////

3

1   The claimant bears the burden of proof in the first four steps of the sequential evaluation

2   process.  Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987).  The Commissioner bears the burden

3   if the sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180 F.3d 1094,

4   1098 (9th Cir. 1999).

5   APPLICATION

6   In her pending motion plaintiff argues that the ALJ's treatment of the medical opinion

7   evidence constituted error.  (Pl.'s MSJ (ECF No. 22) at 11-17.[2])  The weight to be given to

8   medical opinions in Social Security disability cases depends in part on whether the opinions are

9   proffered by treating, examining, or nonexamining health professionals.  Lester, 81 F.3d at 830;

10  Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989).  "As a general rule, more weight should be

11  given to the opinion of a treating source than to the opinion of doctors who do not treat the

12  claimant . . . ."  Lester, 81 F.3d at 830.  This is so because a treating doctor is employed to cure

13  and has a greater opportunity to know and observe the patient as an individual.  Smolen v. Chater,

14  80 F.3d 1273, 1285 (9th Cir. 1996); Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990).

15  The uncontradicted opinion of a treating or examining physician may be rejected only for

16  clear and convincing reasons, while the opinion of a treating or examining physician that is

17  controverted by another doctor may be rejected only for specific and legitimate reasons supported

18  by substantial evidence in the record.  Lester, 81 F.3d at 830-31.  "The opinion of a nonexamining

19  physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion

20  of either an examining physician or a treating physician."  (Id. at 831.)  Finally, although a

21  treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not

22  accept the opinion of any physician, including a treating physician, if that opinion is brief,

23  conclusory, and inadequately supported by clinical findings.'"  Chaudhry v. Astrue, 688 F.3d 661,

24  671 (9th Cir. 2012) (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir.

25  2009)).

26  ////

27

28  _____
[2]  Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

**A.       Dr. Kanwal Khanna's Opinion**

Plaintiff argues that the ALJ failed to properly evaluate the March 23, 2012 opinion of Dr. Kanwal Khanna, plaintiff's treating physician.  (Pl.'s MSJ (ECF No. 22) at 11-15; Tr. at 630-34.) The ALJ's November 13, 2013 decision summarized Dr. Khanna's opinion, stating:

> Treating source Dr. Khanna reported the claimant is able to lift and carry 10 pounds occasionally, but nothing greater.  He states the claimant can sit 3 hours, stand 1 hour and walk 1 hour in an 8-hour workday.  He further opined the claimant could occasionally grasp and perform fine manipulation and could occasionally use her feet in job tasks.  She could occasionally climb, balance, stoop, crouch, reach, handle, feel, push, or pull, but never kneel, or crawl.  Dr. Khanna noted additional limitations with work at heights, around machinery, vibrations, temperature extremes, wet conditions and dry conditions.

(Tr. at 22.)

The ALJ's decision does not specify how much weight was assigned to Dr. Khanna's opinion.  Instead, the ALJ concluded the discussion of Dr. Khanna's opinion by stating that she found "Dr. Khanna's assessment [was] overly restrictive and . . . not supported by the objective evidence of record."  (Id. at 23.)

> Where an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, he errs.  In other words, an ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion.

Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (citation omitted); see also Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988) ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity . . . required, even when the objective factors are listed seriatim.  The ALJ must do more than offer his conclusions.  He must set forth his own interpretations and explain why they, rather than the doctors', are correct.").[3]

---

[3]  Moreover, the court notes that it appears that Dr. Khanna was a rheumatologist, i.e., a specialist.  (Tr. at 634.)  The opinions of a medical specialist regarding the specialist's area of expertise "are given more weight than the opinions of a nonspecialist."  Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); see also Benecke v. Barnhart, 379 F.3d 587, 594 (9th Cir. 2004)

1    Defendant argues that the ALJ "gave less weight to the opinion of Dr. Khanna," because

2  the ALJ found "no recurrence of lymphoma, that Plaintiff was active, treated conservatively," and

3  that that opinion lacked the supporting evidence found in the opinions offered by two

4  nonexamining physicians.  (Defs.' MSJ (ECF No. 23) at 7.)  The court disagrees with defendant's

5  characterization of the ALJ's opinion.  In this regard, although these assertions can be found in

6  the ALJ's decision, it would be, at best, speculative to find that the ALJ stated these assertions as

7  reasons for rejecting Dr. Khanna's opinion.

8    The court may not speculate as to the ALJ's findings or the basis of the ALJ's

9  unexplained conclusions.  See Burrell v. Colvin, 775 F.3d 1133, 1138 (9th Cir. 2014) ("We are

10  constrained to review the reasons the ALJ asserts."); Bray v. Commissioner of Social Security

11  Admin., 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law

12  require us to review the ALJ's decision based on the reasoning and factual findings offered by the

13  ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been

14  thinking."); Stout v. Comm'r, 454 F.3d 1050, 1054 (9th Cir. 2006) (a reviewing court cannot

15  affirm an ALJ's decision denying benefits on a ground not invoked by the Commissioner).

16    Nonetheless, even assuming arguendo that defendant's characterization was accurate, the

17  ALJ would still have erred.  In this regard, stating simply that "[t]he medical evidence shows no

18  recurrence of lymphoma," is not a specific, legitimate reason for rejecting the opinion of Dr.

19  Khanna—a rheumatologist.  (Tr. at 634.)  With respect to the assertion that plaintiff was active,

20  the ALJ's decision does state that plaintiff reported that she "does household chores, cooks,

21  shops, watches television, reads, walks her dogs, and cares for her husband and children."[4]  (Id. at

22  23.)

23    The critical differences between activities of daily living and
24    activities in a full-time job are that a person has more flexibility in
     scheduling the former than the latter, can get help from other

25  ("Each rheumatologist's opinion is given greater weight than those of the other physicians
26  because it is an opinion of a specialist about medical issues related to his or her area of
    specialty.")

27  [4]  The ALJ's decision cites to the opinion of an examining physician, that also states that plaintiff
28  "retires for the evening between 10:00 p.m .and 2:00 a.m.," and "gets up at approximately 11:30
    a.m."  (Tr. at 464.)

> persons . . . and is not held to a minimum standard of performance, as she would be by an employer.  The failure to recognize these differences is a recurrent, and deplorable, feature of opinions by administrative law judges in social security disability cases.

Bjornson v. Astrue, 671 F.3d 640, 647 (7th Cir. 2012); see also Garrison, 759 F.3d at 1016 ("The ability to talk on the phone, prepare meals once or twice a day, occasionally clean one's room, and, with significant assistance, care for one's daughter, all while taking frequent hours-long rests, avoiding any heavy lifting, and lying in bed most of the day, is consistent with the pain that Garrison described in her testimony.  It is also consistent with an inability to function in a workplace environment."); Howard v. Heckler, 782 F.2d 1484, 1488 (9th Cir. 1986) ("to find Howard's claim of disability gainsaid by his capacity to engage in periodic restricted travel, as the Council seems to have done, trivializes the importance that we consistently have ascribed to pain testimony").

　　　With respect to the assertion that plaintiff was treated conservatively, the ALJ's decision does state that plaintiff's "subjective complaints of pain, fatigue, and stiffness continue to be treated conservatively with medications . . . ."  (Tr. at 23.)  The decision does not explain, however, why this undermines Dr. Khanna's entire opinion.  Moreover, the record reflects that plaintiff takes "Norco" daily.  (Id. at 38.)  It is not apparent that the consistent use of narcotic pain medicine can be characterized as "conservative" treatment.  See Childress v. Colvin, Case No. 13-cv-3252 JSC, 2014 WL 4629593, at *12 (N.D. Cal. Sept. 16, 2014) ("not obvious whether the consistent use of [Norco] (for several years) is 'conservative'"); Aguilar v. Colvin, No. CV 13-8307 VBK, 2014 WL 3557308, at *8 (C.D. Cal. July 18, 2014) ("It would be difficult to fault Plaintiff for overly conservative treatment when he has been prescribed strong narcotic pain medications.").

　　　Finally, with respect to the opinions of the nonexamining physicians, "[b]y rule, the Social Security Administration favors the opinion of a treating physician over non-treating physicians." Orn v. Astrue, 495 F.3d 625, 631 (9th Cir. 2007); see also Reddick, 157 F.3d at 725 ("The opinions of treating doctors should be given more weight than the opinions of doctors who do not treat the claimant."). As noted above, "[t]he opinion of a nonexamining physician cannot by itself

7

1  constitute substantial evidence that justifies the rejection of the opinion of either an examining

2  physician or a treating physician."  Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1202 (9th Cir.

3  2008) (quoting Lester, 81 F.3d at 831).

4      For the reasons stated above, the court finds that the ALJ failed to provide specific and

5  legitimate reasons supported by substantial evidence in the record for rejecting Dr. Khanna's

6  opinion.  Accordingly, the ALJ's treatment of the opinion of Dr. Khanna constituted error.

7      **B.**    **Dr. Roxanne Banks' Opinion**

8      Plaintiff argues that the ALJ also erred with respect to the treatment of the May 17, 2013

9  "Psychological Evaluation" of Dr. Roxanne Banks.[5]  (Pl.'s MSJ (ECF No. 22) at 15; Tr. at 675-

10  82.)  The ALJ recounted Dr. Banks' opinion in the November 13, 2013 decision, stating:

11  
12      Based on her observations and examination, Dr. Banks concludes the claimant has significant to severe impairments in her ability to

13  understand, remember, and carry out simple and complex job instructions.  She further concluded the claimant's ability to relate and interact with co-workers and public is severely impaired and

14  exacerbates symptoms of mental illness.  Her ability to maintain concentration, attention, persistence and pace are markedly

15  impaired by symptoms of depression and anxiety.  Her ability to associate with day to day work activity, including attendance and safety is markedly impaired due to symptoms of mental illness.

16  Her ability to accept instructions or constructive criticism from supervisors is markedly impaired.  Her ability to maintain regular

17  attendance in the work place and perform work activates on a consistent basis is severely impaired; and her ability to perform

18  work activities without special or additional supervision is moderately to markedly impaired.  Dr. Banks diagnosed Bipolar

19  Disorder with Psychotic Features; General Anxiety Disorder; Social Anxiety Disorder; Panic with Agoraphobia, Sleep Disorder; and

20  Post-Traumatic Stress Disorder.

21  (Tr. at 22) (citations omitted).

22      As with Dr. Khanna's opinion, it is not clear what weight the ALJ assigned to Dr. Banks'

23  opinion.  Nonetheless, the ALJ found that her "own review of the record reveals the degree of

24  limitation discussed in Dr. Banks' evaluation" was "not supported by the objective medical

25  evidence of record."  (Id.)  Moreover, the ALJ stated, "[i]n contrast," that the opinion of Dr.

26  _____
[5] Plaintiff argues that Dr. Banks' opinion "mentioned a prior evaluation, lending weight to the

27  assumption that she is Plaintiff's treating psychologist."  (Pl.'s MSJ (ECF No. 22) at 15.)  And Dr. Banks' opinion states that plaintiff was "well known by this agency."  (Tr. at 675.)

28  Nonetheless, it is not clear to the court that Dr. Banks was plaintiff's treating physician.

1    Robert Sayad, "a consultative psychologist, did not find significant mental limitations during his

2    examination and review of the records." (Id.) The ALJ then proceeded to discuss Dr. Sayad's

3    opinion.

4            As noted above, "an ALJ errs when [s]he rejects a medical opinion or assigns it little

5    weight while doing nothing more than ignoring it, asserting without explanation that another

6    medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a

7    substantive basis for h[er] conclusion." Garrison, 759 F.3d at 1012-13; see also Rodriguez v.

8    Bowen, 876 F.2d 759, 763 (9th Cir. 1989) ("Here, although the ALJ did attempt to relate the

9    objective findings to Dr. Pettinger's medical opinion . . . he appears ultimately to have stated that

10   the opinion was not supported by the objective findings.  As we have already discussed, and as

11   our case law clearly establishes, this is not sufficient."); Embrey, 849 F.2d at 421-22 ("To say that

12   medical opinions are not supported by sufficient objective findings or are contrary to the

13   preponderant conclusions mandated by the objective findings does not achieve the level of

14   specificity . . . required, even when the objective factors are listed seriatim.  The ALJ must do

15   more than offer his conclusions.  He must set forth his own interpretations and explain why they,

16   rather than the doctors', are correct.").

17           Again, defendant attempts to provide the reasoning absent from ALJ's decision, asserting

18   that the ALJ "appropriately noted that the Plaintiff does not attend regular mental health

19   treatment, only receiving medication from her primary care physician." (Def.'s MSJ (ECF No.

20   23) at 5.)  Defendant characterizes this as a "conservative" treatment.  (Id. at 5.)

21           After discussing Dr. Banks' opinion, the ALJ stated "evidence shows the claimant does

22   not attend mental health treatment and only receives psychotropic medications through her

23   primary care physician." (Tr. at 22.)  The Ninth Circuit has "particularly criticized the use of a

24   lack of treatment to reject mental complaints both because mental illness is notoriously

25   underreported and because 'it is a questionable practice to chastise one with a mental impairment

26   for the exercise of poor judgment in seeking rehabilitation.'" Regennitter v. Commissioner of

27   Social Sec. Admin., 166 F.3d 1294, 1299-300 (9th Cir. 1999) (quoting Nguyen v. Chater, 100

28   F.3d 1462, 1465 (9th Cir. 1996)).  Plaintiff also testified at the September 18, 2013 hearing that

1    she was "seeing a psychiatrist and psychologist," and "also getting medication."  (Tr. at 48.)

2    Moreover, Dr. Banks' opinion reflects that plaintiff's medications included Zoloft,

3    Neurontin, Ambien, Xanax, Depakote, Valium, and Elavil.  (Id. at 677.)  "Courts specifically

4    have recognized that the prescription of several of these medications connotes mental health

5    treatment which is not 'conservative,' within the meaning of social security jurisprudence.

6    Carden v. Colvin, No. CV 13-3856-E, 2014 WL 839111, at *3 (C.D. Cal. Mar. 4, 2014); see, e.g.,

7    Thomas v. Colvin, Civ. No. 15-876, 2016 WL 4537065, at *3 (W.D. Pa. Aug. 30, 2016)

8    (Depakote and Xanax); Cornell v. Colvin, No. 3:14-cv-5059 NKL, 2014 WL 7238006, at *6

9    (W.D. Mo. 2014) (Ambien, Elavil, and Xanax); Armstrong v. Colvin, No. CV 12-7060-CW, 2013

10   WL 3381352, at *4-5 (C.D. Cal. July 8, 2013) (Zoloft); Simington v. Astrue, No. CV-09-0670-

11   TC, 2011 WL 1261298, at *7 (D. Or. Feb. 23, 2011) (Depakote).

12   In this regard, the ALJ failed to provide specific and legitimate reasons supported by

13   substantial evidence in the record for rejecting Dr. Banks' opinion.  The ALJ's treatment of the

14   opinion of Dr. Banks, therefore, constituted error.

15   Accordingly, the court finds that plaintiff is entitled to summary judgment on her sole

16   claim that the ALJ's treatment of the medical opinion evidence constituted error.

17                                          CONCLUSION

18   With error established, the court has the discretion to remand or reverse and award

19   benefits.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).  A case may be remanded

20   under the "credit-as-true" rule for an award of benefits where:

21               (1) the record has been fully developed and further administrative
                 proceedings would serve no useful purpose; (2) the ALJ has failed
22               to provide legally sufficient reasons for rejecting evidence, whether
                 claimant testimony or medical opinion; and (3) if the improperly
23               discredited evidence were credited as true, the ALJ would be
                 required to find the claimant disabled on remand.
24

25   Garrison, 759 F.3d at 1020.  Even where all the conditions for the "credit-as-true" rule are met,

26   the court retains "flexibility to remand for further proceedings when the record as a whole creates

27   serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social

28   Security Act."  Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015)

1   ("Unless the district court concludes that further administrative proceedings would serve no

2   useful purpose, it may not remand with a direction to provide benefits."); <u>Treichler v.</u>

3   <u>Commissioner of Social Sec. Admin.</u>, 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ

4   makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand

5   the case to the agency.").

6        Here, the court is mindful of the severity of plaintiff's impairments as reflected by the

7   opinions of Dr. Khanna and Dr. Banks and of the ALJ's complete failure to properly evaluate and

8   weigh those opinions.  Nonetheless, the court finds itself constrained to remand this matter for

9   further proceedings.

10       In this regard, at the September 18, 2013 administrative hearing, the ALJ took testimony

11  from a Vocational Expert ("VE").  Neither the ALJ nor plaintiff's counsel posed a hypothetical

12  question to the VE that accounted for the limitations indicated by Dr. Khanna or Dr. Banks'

13  opinion.  (Tr. at 59-64.)  The ALJ stopped the sequential evaluation after finding that plaintiff was

14  capable of performing past relevant work.[6]  (<u>Id.</u> at 23.)  And plaintiff's motion for summary

15  judgment did not put forth a claim challenging the ALJ's finding that plaintiff was "not entirely

16  credible."  (<u>Id.</u> at 22.)

17       Under these circumstances, the court cannot say that "further administrative proceedings

18  would serve no useful purpose."  <u>Dominguez</u>, 808 F.3d at 407; <u>see</u> <u>also</u> <u>Treichler</u>, 775 F.3d at

19  1103-04 ("In evaluating this issue, we consider whether the record as a whole is free from

20  conflicts, ambiguities, or gaps, whether all factual issues have been resolved, and whether the

21  claimant's entitlement to benefits is clear under the applicable legal rules.").

22       Accordingly, this matter will be remanded for further proceedings.  Upon remand, the

23  court anticipates that the ALJ will properly reevaluate the opinions of Dr. Khanna and Dr. Banks

24  and proceed with the sequential evaluation, receiving testimony from a VE if necessary.

25  ////

26  ////

27

28
    _____
    [6]  The ALJ did, however, make an alternative finding that there were "other jobs that exist in
    significant numbers in the national economy" that plaintiff could perform.  (Tr. at 24.)

                                    11

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 22) is granted;

2. Defendant's cross-motion for summary judgment (ECF No. 23) is denied;

3. The Commissioner's decision is reversed; and

4. This matter is remanded for further proceedings consistent with this order.

Dated:  March 8, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\hidalgo1342.ord

12